## BRADY vs. BEGUN.

The statutory provision that every conveyance of land held at the time adversely to the grantor, shall be void, has no application to conveyances made by the *state* as grantor.

Where the defendant entered under a contract with the state to purchase the premises, as the representative of S., the first purchaser, through several mesne assignments; made some small payments thereon; endeavored to effect an arrangement to pay the balance ; and frequently spoke of the claim and title of the state, and of himself as holding in subserviency to it; *Held* that his possession was to be deemed in subserviency to the title of the state, and not adverse.

And the defendant having been twice put out of possession of the premises, by process instituted by the state, both in 1847 and 1848; *held* that there had been no continuous possession in the defendant, but the chain had been twice broken by legal process and under a paramount claim.

The presumption of payment of the purchase money by one in possession of land under a contract to purchase, arising from lapse of time, cannot be interposed as an affirmative defense to an action to recover the possession of the land.   If the presumption is interposed, the fact upon which it proceeds must be affirmatively proved.

A patent, issued by the state, conveying its own lands, will be presumed to have been issued regularly; and if it be not void on its face, cannot be avoided collaterally, in a suit between individuals.

It is not incumbent on the grantee to show that the sale of the land was properly and fairly conducted, and that the necessary preliminary notices and advertisement were given and published.

If there be any allegation or pretense that a patent was issued by mistake, or upon a false suggestion, it is voidable only, and in such a case can be avoided only by a direct proceeding to cancel and annul the patent.

THIS action was brought to recover of the defendant possession of about sixty-three acres of land situate in the town of Verona, Oneida county, and damages for the detention thereof.   The action was referred to a referee, who found the following facts :

Lot No. 97 of the Oneida reservation, in the town of Verona, Oneida county, was sold by the state to George Brayton, and he received the usual certificate of sale from the surveyor general, dated April 2, 1807.   From this lot No. 97, sixty-three acres, two roods and fourteen rods, (being the premises in question in this action,) were set off to George Seaton, and

a new account opened with him in the comptroller's office; the usual certificate from the comptroller was issued to him, bearing date April 24, 1813, and the amount then unpaid thereon was $131.49. This certificate issued to Seaton was transferred several times, and finally came to be held by Nathan Begun, the defendant, who went into possession of the premises, in 1822, and has continued to occupy them to this time, except as he was dispossessed by the sheriff, as hereinafter stated. The amount due on the certificate remained unpaid, and in October, 1844, the premises were sold for the arrears, by the surveyor general, and bid off for the state, and subsequently were sold to one Hugh McNamara, who received the usual certificate from the surveyor general, dated January 17, 1845. This certificate, issued to McNamara, was transferred to Bernard Brady, who paid up the balance due the state and received a patent for the premises, dated February 2, 1854. Previous to the issuing of this patent, and in pursuance of authority from the commissioners of the land office, proceedings were commenced and a warrant issued by Hon. P. Sheldon Root, first judge of the court of common pleas of the county of Oneida, to the sheriff of the same county, who on the 19th day of May, 1847, dispossessed Begun and put McNamara into possession, and on the 22d day of April, 1858, he again dispossessed Begun and put Bernard Brady into possession. Bernard Brady died intestate before the commencement of this action, and the plaintiff is his only child and heir at law. A fair rent for the premises in question is twenty-five dollars a year, for any year within ten years past. There was no evidence introduced on the trial that the resale of the premises in question by the state for arrears was regular and fairly conducted, and that sufficient and proper notice of such resale was given or advertised, according to the requirements of the statute, except as appears in this case. At the time of the resale of said premises, and the issuing of the certificate to Hugh McNamara, January 17, 1845, and the transfer of said certificate to Ber-

nard Brady, and the issuing of the patent of said premises to Bernard Brady, February 2, 1854, the defendant occupied and possessed said premises, (except as he was dispossessed by the sheriff in the manner above stated,) and claimed them as his own.

The defendant, to maintain his defense, among other things, introduced in evidence the comptroller's certificate of the sale of the lot in question, and several assignments of the same, showing that August 30, 1822, he was a joint owner with Albert Begun of the interest conveyed by the certificate, and that March 14, 1828, he became the absolute owner of the same. The defendant further proved that he went into the possession of the premises in 1821, and had continued to occupy them uninterruptedly, under claim of title, to the commencement of the suit in 1855, except when dispossessed by the deputy sheriff, in 1847 and 1848. This dispossession turned out simply to be the going on to the premises by the officer, declaring them to be in the possession of McNamara, or Brady, who then lived in Albany, and then leaving, while Begun continued to occupy them in fact all the time.

The following were the conclusions of law reached by the referee : 1. That the possession of the defendant has been in subserviency to the title of the state and its grantees, and has not been at any time an adverse possession. 2. The want of possession in a grantor does not render void a patent from the state. 3. That the possession of the defendant of the premises in question at the time of the sale of the same by the state to Hugh McNamara, and also at the time of the sale and conveyance of the same by the state to Bernard Brady, does not render such sales and conveyances, or either of them, absolutely void, and prevent the transfer of any title from the state. 4. That the presumption of payment arising from lapse of time is no defense to an action of ejectment to recover possession of the premises in question. 5. That the plaintiff has established a title in fee simple to the premises described in the complaint, and that said patent from the

state to Bernard Brady is valid and not void.   6. That the plaintiff is entitled to recover of the defendant, by way of rent and as damages for the detention of the premises, the sum of one hundred and fifty dollars.   7. That the plaintiff is entitled to a judgment against the defendant for the possession of said premises and for his damages, with costs to be taxed.

The defendant excepted to the decision of the referee in several particulars; and appealed from the judgment entered upon the report.

*H. T. Jenkins,* for the appellant.

*F. Kernan,* for the plaintiff.

*By the Court,* BACON, J.   There are three grounds put forth by the defendant in defense of this suit, neither of which seem to me to be tenable.

1. It is claimed that there was an adverse possession on the part of the defendant, of the premises in question in this suit, which of itself constitutes a perfect defense to the action; or if this does not *per se* defeat the plantiff's title, the fact of such adverse possession existing at the time of the conveyance by letters patent from the state to Bernard Brady, the ancestor of the plaintiff, rendered that conveyance void.

Upon the question of fact whether the possession of the defendant was adverse, the conclusion of the referee, that the possession of the defendant was in subserviency to the title of the state, and was not at any time adverse, is fully sustained by the evidence.   The defendant entered under a contract to purchase the premises as the representative of Seaton, the first purchaser, through several mesne assignments; he made some small payments in 1832 and 1833; he endeavored to effect an arrangement to pay the balance, and frequently spoke of the claim and title of the state, and of himself as holding in subserviency to it.   A claim to hold adversely under all these circumstances cannot be deemed to have been

made in good faith, or with the slightest belief that he could found upon such claim a pretense to set not only the state, but all the world at defiance.

Such being the clear conclusion in regard to the fact of the alleged adverse possession, the proposition of law that the sale of the premises by the state to McNamara, and the subsequent patent to Brady, were null and void within the statute, which provides that every conveyance of land held at the time adversely to the grantor, shall be void, has no special importance. · If in fact the premises were not, at the time the patent was executed, so held, the statute does not, of course, apply to the case. But if we were to concede the adverse possession, the result would not follow that is claimed by the defendant. The statutory provision above alluded to has no application to conveyances made by the state as grantor, as was expressly held in the case of *Jackson* v. *Gurmer*, (2 *Cowen's Rep.* 552.)

The reason which forbids such transfer of title by one individual to another, is to prevent champerty and maintenance, and the granting of pretended titles, to the stirring up of strife, litigation and oppression—a reason not applicable to the state when it parts with its domain, and therefore, as Ch. J. Savage says, in the case above cited, the reason failing, the rule fails, as to the state.

It may be added also, upon the point of adverse possession, that the defendant was twice put out of possession of the premises by process instituted by the state, both in 1847 and 1848. There has consequently been no continuous possession in the defendant, but the chain has been twice broken by legal process and under a paramount claim.

2. It is insisted that a legal presumption arises in this case, of payment by the defendant for the premises, arising from lapse of time. This proposition is sought to be established by, or rather inferred from, the principle which authorizes such an inference in the case of· a sealed instrument, from the fact that no payment has been claimed or made

Brady *v.* Begun.

thereon for a period of twenty years. The effect of the rule is that of a statute of limitations, and it has usually been employed to defeat a recovery upon the instrument itself.

I know of no case in which it has been effectually interposed as an affirmative defense to an action of ejecment to recover the possession of land. If it is so interposed, the fact upon which it proceeds must be affirmatively proved. Such is substantially the principle established in the case of *Lawrence* v. *Ball*, (4 *Kern.* 477.) There the vendor had executed a written contract for the sale of the premises, stipulating for various payments. More than 20 years having elapsed, the vendor brought ejectment, treating the contract as forfeited for non-payment, and the court held that the presumption of payment arising from lapse of time was not sufficient to maintain the defendant's equitable claim to the land, and that to establish such a defense, payment, in fact, of the purchase money by the defendant must be proved. The mere fact of non-payment gives no title to equitable relief, and consequently constitutes no defense to an action of ejectment by the party holding the legal title.

In this case it need only be said that there was no proof of payment by the defendant, but that the defendant conceded the fact that he had not made any payment within 20 years, and that his rights had been forfeited and lost by reason of such non-payment.

3. It was finally claimed by the defendant, on the trial, that it was not enough, on the part of the plaintiff, to produce the patent of the state conveying the premises to Bernard Brady, but that it was incumbent on her to show that the resale of the land was properly and fairly conducted, and that the necessary preliminary notices and advertisement were given and published; in other words, that the patent was not *prima facie* proof of the plaintiff's title, but the regularity of all the prior proceedings must be shown. The cases cited by the defendant's counsel to sustain this proposition are none of them cases of conveyances by the state of its own

Brady *v.* Begun.

lands to purchasers thereof. They all arose under sales and conveyances made by the comptroller and other public officers, for lands which had been sold for taxes, and where the effect of the conveyance would be to subvert the title of the *real and bona fide* owner of the premises conveyed. The rule applicable to such a case, as stated by Judge Bronson, in *Sharp* v. *Spier,* (4 *Hill,* 86,) is that every statute authority in derogation of the common law to divest the title of one and transfer it to another, must be strictly pursued, or the title will not pass. Upon this principle it is that all the other cases proceed, which, as I have said, are all cases of deeds by the comptroller, or by a collector, or by the municipal authorities of a civil corporation, for lands which had been sold for non-payment of taxes, or assessments made thereon.

It is obvious that this principle does not apply to a case where the state is granting and conveying its own lands to a purchaser thereof, as is conceded by the court in the case of *Varick* v. *Tallman,* (2 *Barb.* 115,) and where Judge Gridley quotes approvingly a decision in 1 *J. J. Marsh.* 447, to the effect that the presumption is that the public officers have done their duty in regard to the several acts required by them to be done in granting lands, and therefore surveys and patents should always be received as *prima facie* evidence of correctness. This doctrine is expressly held in *Jackson* v. *Marsh,* (6 *Cowen,* 281,) to wit, that a patent of lands by the state shall be presumed to have issued regularly, and if it be not void on its face cannot be avoided collaterally in a suit between individuals. If there is any allegation or pretense that it was issued by mistake, or upon a false suggestion, it is voidable only, and in such case can be only avoided by a direct proceeding to cancel or annul the patent.

I am accordingly of opinion that the judgment in this case is right, and should .be affirmed.

Judgment affirmed.

[ONONDAGA GENERAL TERM, April 8, 1862. *Mullin, Morgan* and *Bacon,* Justices.]