Becker agt. Howard.

# SUPREME COURT.

## Anson U. Becker agt. George Howard and Bronson C. Rumsey.

*Ejectment — tax title — wild, uncultivated lands*

Although a defendant is not in the possession of premises, the plaintiff can maintain an action of ejectment under the provisions of the statutes, basing the right upon the claim of title made by the defendant.

Where the plaintiff brings ejectment for wild and unoccupied lands, it will have to be determined upon the question who, of the parties, plaintiff or defendant, has the best title to the premises.

Where the defendants, purchasers of such premises at a comptroller's tax sale, and who took their title, the comptroller's deed, after the commencement of an action to foreclose an existing mortgage on the premises (the mortgagee never having been served with the requisite tax notice to redeem) and filing of *lis pendens*, under which foreclosure sale the plaintiff claimed title :

*Held*, that as the proceedings to enforce the collection of the tax did not stay the foreclosure proceedings, and all proper and necessary parties were named in the bill, the purchasers at the tax sale lost their title on the foreclosure sale.

The plaintiff, *prima facie*, made a sufficient title to recover as against the defendants, upon proving the patent from the state to Benjamin Chamberlain and mesne conveyances to himself.

Where the defendants rely upon the defense of proving title in another to defeat the plaintiff's recovery, they must show a present subsisting title in another. It must be one that is vital and operative, otherwise the presumption will be that it has become extinguished.

The defendants may show a prior grant by the state to another, to meet the *prima facie* case of title made out by the plaintiff, and to restrict its conclusiveness; but they must also show that the rights under such grant are vested in them.

The general rule is that the defendant in ejectment may show that the plaintiff has no title, for the plaintiff must always recover upon the strength of his own title; but this does not permit the defendant to set

up a permanent outstanding title in a stranger, unless he can show a lawful claim and right under such party.

*Cattaraugus Circuit, May,* 1874.

AN action of ejectment tried at the Cattaraugus county circuit, without a jury, in May, 1874.

The premises are situated in the town of Bucktooth and consist of about 400 acres. They are wild and unoccupied, and uncultivated lands.

*Geo. W. Cothran,* for plaintiff.

*Franklin D. Locke,* for defendants.

BARKER, *J.* — Although the defendants are not in the possession of the premises, the plaintiff can maintain an action of ejectment under the provisions of the statutes, basing the right upon the claim of title made by the defendants.

The plaintiff founds his title upon a patent issued by this state in the year 1835 to Benjamin Chamberlain, and tracing the same through several mesne conveyances; the one to himself being a deed from Francis G. Salmon, dated April 1, 1869.

The defendants stand upon an alleged tax title from the state — the comptroller's deed — bearing date February 16, 1869 ; the certificate of sale bearing date November 24, 1866, the sale having taken place the same year for prior unpaid taxes.

As the case in this instance is to be determined upon the question, who of these parties have the best title, I shall first consider whether the defendants have proved in themselves any title. If they have shown any title it is necessarily an entire title to the lands, in whomsoever the same was vested at the time of the tax sale. The proceedings to levy and collect a tax upon real property are *in rem,* without inquiry or regard by the public authorities as to who is the owner.

Prior to the assessment and levy of the tax upon these lands, the then owner, one Elihu J. Baldwin, on the 17th of September, 1857, executed a mortgage upon these lands to Guy C. Irvine, and the same was recorded in the Cattaraugus county clerk's office the same month.

The plaintiff's grantor claimed his title through this mortgage as a purchaser on a sale of the mortgaged premises, in an action in the supreme court to foreclose the same. A *lis pendens* was filed in that action August 16, 1868, and the deed to the purchaser is dated February 26, 1869.

Upon the trial the plaintiff gave no evidence to meet the presumption of regularity in favor of the comptroller's deed ; and that must stand with the *prima facie* validity given it by section 65, chapter, 427, Laws of 1855. This deed thus vested in the defendants the equity of redemption, that is, the fee of the land and the consequent right of possession.

But the comptroller's sale in nowise determined or impaired the mortgage on the premises ; such lien was expressly and fully reserved by section 76 of the same act. Other sections provide for the service on the mortgagee of notice of sale by the purchaser with a view of terminating the mortgage lien, unless the mortgagee redeems the premises within the time provided. No such notice was served or attempted to be served.

The action to foreclose the mortgage being regularly begun and prosecuted according to the rules and practice of the court to a judgment and sale, the purchaser at such sale acquired the title of the mortgagor and those claiming under him who are parties to the foreclosure suit, including the defendants, who took their title after the commencement of the action and filing a *lis pendens*.

The purchaser at the tax sale must be charged with this notice, and with like effect, the same as if he had taken a deed of bargain and sale direct from the owner of the land. All persons acquiring title after the filing of a *lis pendens*, in pursuance of the rules and practice of the court, are

bound by the decree the same as if they were parties defendant to the record. Clearly, if the comptroller's deed had been delivered before the foreclosure suit had been commenced, and the purchasers at the tax sale were named in that suit as defendants, they would have been cut off.

As the proceedings to enforce the collection of the tax did not stay the foreclosure proceedings, and all proper and necessary parties are named in the bill, the purchasers at the tax sale lost their title on the foreclosure sale.

As to filing *lis pendens*, and its effect on, after-acquired title, see *Clark* agt. *Havens and others*, and note to the same, in *Clark's Chancery Reports, new edition, page* 361.

It must, then, be determined that the defendants did not show on the trial any title or right of possession to the premises. They did, however, claim title thereto, and, though not in possession, were properly made parties.

The next inquiry is, did the plaintiff prove and establish on the trial a right to recover the possession of the premises ? Without now examining the chain of plaintiff's title, link by link, it is sufficient to state, preliminarily to taking up particular questions connected therewith, that *prima facie* the plaintiff made a sufficient title to recover as against these defendants, upon proving the patent from the state to Benjamin Chamberlain and mesne conveyances to himself.

Situated as the parties are in relation to each other concerning these premises, the one showing the best title is entitled to the judgment of the court.

The lands being wild and unoccupied, this action, called an action of ejectment, is to determine who of the parties to this record shall enter into actual possession under the judgment and protection of this court.

In ejectment it is a general and elementary rule that the plaintiff must recover, if he recover at all, on the strength of his own title. There are many and various qualifications to this rule, some of which will be hereafter noticed.

The learned counsel for the defendants assumed, upon the

trial, that the plaintiff would be nonsuited, upon the defendants making the proof that in the year 1786 the state of New York made a concession of these lands, with others, to the state of Massachusetts; that this prior patent by the state proved title out of the state when the state made the conveyance to Chamberlain in 1835, through whom the plaintiff now claims.

Concede, for a moment, that the defendants are in a situation to prove title in another to defeat a recovery, then the fact proved is wholly insufficient to effect that purpose. When a defendant relies on a defense of this nature, he must show a *present subsisting title in another*. It must be one that is vital and operative, otherwise the presumption will be that it has become extinguished. The proof, as it is left by the defendant, must be of such a character as to make a case that the person in whom it is claimed the title is could recover, in an action of ejectment, the possession from the plaintiff, was he made a defendant, in an action by such other person (*Buller N. P.*, 1111; *Hoag* agt. *Hoag*, 35 *N. Y.*, 473; *Chapman* agt. *Delaware, L. & W. R. R. Co.*, 3 *Sandf.*, 263; *Jackson* agt. *Harden*, 4 *Johns.*, 211).

If there has been no entry made under such prior grant, within twenty years, it will be presumed to be extinguished. Here a period of fifty years elapsed between the first and second grant by the state. After the second grant, another period of forty years has transpired before this trial; and during all this time, now nearly a century, there has been no entry by any person claiming under a title prior to the plaintiff. A mere statement of these facts is sufficient to answer this pretension of the defendants (41 *N. Y.*, 398). Therefore, it is needless in this case to refer to the historic and traditional fact that the state, as early as the year 1819, became reinvested with the title to these lands.

The people are presumed to be the owners of all the lands within the state; and it is sufficient, in the first instance, for the plaintiff, in an ejectment suit, to show that such lands

were vacant, uninclosed and unoccupied at the time of issuing the patent by the state (*People* agt. *Denison*, 17 *Wend.*, 312; *People* agt. *Van Rensselaer*, 9 *N. Y.*, 291).

A grant of land by a state is a record. All things preliminary and necessary to make it valid are presumed. It cannot be collaterally impeached; and can only be avoided and set aside by a direct proceeding, a bill or *sciera facias* (3 *Washburne on Real Estate*, 175, §§ 34, 35; *id.*, *p.* 179, § 40; *The People* agt. *Mauran*, 5 *Denio*, 398; *The People* agt. *Livingston*, 8 *Barb.*, 285, 297; *Brady* agt. *Begun*, 36 *Barb.*, 533).

It is not inconsistent with these propositions to hold that a defendant, to meet a *prima facie* case thus made out, to avoid it and to resist its conclusiveness, may show a prior grant by the state to another; but he must show that the rights under such grant are vested in him (*Baggs* agt. *Mercer Co.*, 14 *Cal.*, 361, 362; *Luse* agt. *Clark*, 18 *Cal.*, 535; *Waterman* agt. *Smith*, 13 *Cal.*, 419).

The general rule, as I comprehend it, is that the defendant in ejectment may show that the plaintiff has no title, for the plaintiff must always recover upon the strength of his own title. But this does not permit the defendant to set up a paramount outstanding title in a stranger, unless he can show a lawful claim and right under such party (*Cutter* agt. *Lincoln*, 3 *Cush.*, 128).

As the plaintiff does not claim under the defendants, and the defendants are not in possession, and it appears they have no valid paper title, I am satisfied that the plaintiff has shown the better title and is entitled to judgment (*Burnett* agt. *Coffee*, 14 *Cal.*, 91).

A claimant to land may have a good right to possession as against some persons, though he is not the true owner. The defendants are strangers to this title; and, as against them, the plaintiff has shown a present right of entry (*Halfred* agt. *Little*, 9 *Cush.*, 475).

Judgment should be entered in favor of plaintiff, for the recovery of possession of the premises.