SHEPHERD BROWN AND WIFE *v.* BOARD OF SUPERVISORS OF ISSAQUENA COUNTY.

1. STATUTE OF LIMITATIONS. *Adverse possession and color of title. Purchase-money not paid. Title in county or State.*

In 1836, under a valid order, a sixteenth section (school land) was leased for ninety-nine years. The purchase-money was not paid; and, under the decree in a chancery suit to enforce the lien therefor, a sale was made in 1846. One G. became the purchaser, and entered on the land. The proceedings in the Chancery Court prior to the sale were irregular, the sale was not confirmed, nor does it appear that the purchase-money was paid, but the commissioner's deed was regular on its face. G. and his sub-vendees continued in possession, claiming to hold for the unexpired term of the original lease until Nov. 28, 1872, when the proper officers brought ejectment. *Held,* that, whether the title be regarded as in the State or the county, the suit was barred.

2. SAME. *Lessee's adverse possession. Claim by deed of term.*

While a lessee cannot set up a claim to the land adverse to the title of the lessor, and, having entered for a term of years, cannot make his possession adverse to the lessor's right to the reversion; yet, when he claims under an absolute deed for the term of the lease, and the question is as to his right to hold under the deed, he may rely upon the Statute of Limitations.

Error to the Circuit Court of Issaquena County.

Hon. C. C. Shackleford, Judge.

*Harris & George*, for the plaintiffs in error.

The lessee will not be allowed to dispute his lessor's title. But where the question is, whether a lease has been made, there is as to that question no relation of trust or confidence between the parties which will prevent the lessee from asserting his rights. *M'Elwee* v. *Martin*, 2 Hill (S. C.), 496; *Sumner* v. *Murphy*, 2 Hill (S. C.), 488; *Simmons* v. *Parsons*, 2 Hill (S. C.), 492. The lessee cannot invoke the statute so as to make his possession during the term adverse to the lessor's right in reversion. But where the contest is whether the lessee has paid for the term, there is no reason why the Statute of Limitations should not apply. *Grafton* v. *Grafton*, 8 S. & M. 77; *McClanahan* v. *Barrow*, 27 Miss. 664; *Benson* v. *Stewart*, 30 Miss. 49. The deed, being valid on its face, is color of title, and possession under it is adverse. *Hanna* v. *Renfro*, 32 Miss. 125; *Welborn* v. *Anderson*, 37 Miss. 155. It will be presumed after so long a time that the decree of the Chancery Court, the effect of which was to affirm Arrington's title, subject to its payment, has been satisfied. *Grand Gulf Co.* v. *Bryan*, 8 S. & M. 234; *Nixon* v. *Carco*, 28 Miss. 414; *Stevenson* v. *McReary*, 12 S. & M. 9.

*L. B. Valliant*, on the same side.

The record of the Chancery Court and order of the board of police, which are the only evidence that the defendants hold in subordination to the plaintiffs, cannot be received for that purpose, and rejected, when we propose to show by them that the defendants claim to have held adverse possession of a term of ninety-nine years, long enough to bar the right of entry.

*S. L. Hussey* and *George E. Harris*, Attorney-General, for the defendants in error.

1. This is a charity fund to which the Statute of Limitations does not apply. Story Eq. Jur. § 1192 *a;* Hill on Trustees, 266.

2. The possession of the defendants was never adverse. Having commenced in privity, it must so continue, until some event happens to change it. Nothing but payment of the

purchase-money will change this permissive into adversary possession. Adams on Ejectment, 54 and notes; Angell on Lim. 409; Tyler on Ejectment, 558, 559, 860, 861, 870 *et seq.*; *Benson* v. *Stewart*, 30 Miss. 49; *Magee* v. *Magee*, 37 Miss. 138; *Jackson* v. *Hotchkiss*, 6 Cow. 401; *Brady* v. *Begun*, 36 Barb. 533. The possession having been shown to be subordinate to our title in its inception, the burden was on the defendants to show how its subordination came to an end. *Livingston* v. *Peru Iron Co.*, 9 Wend. 511; Angell on Lim. 406 *et seq.*; Tyler on Ejectment, 866 *et seq.* The deed, being in violation of law, and void, was not color of title. *Pillow* v. *Roberts*, 13 How. (U. S.) 472; Tyler on Ejectment, 870 *et seq.*; Adams on Ejectment, 54.

CHALMERS, J., delivered the opinion of the court.

The board of school directors of Issaquena County, to whom have succeeded the board of supervisors of said county, brought this action of ejectment for the recovery of the sixteenth section of township nine, range eight (school land). The defendants claim title by successive conveyances from one Gregory, who entered upon the land twenty-eight years before the institution of this suit, under the following circumstances: —

In 1836, the board of police of Washington County, within the limits of which county the *locus in quo* was at that time embraced, directed that the same should be leased according to law for ninety-nine years, reciting, in obedience to the statute, Hutch. Code, 213, that there was not a sufficient number of residents within the township to form a board of trustees. Under this order the land was sold or leased for said period to one Wightman, who transferred his bid to one Arrington, who executed his notes for the purchase-money. These notes falling due and being unpaid, the probate judge, who was by law at that time intrusted with the care of school funds, instituted suit in the Chancery Court of Washington County to foreclose the statutory lien on the land. This resulted in a decree of foreclosure and a sale, at which Gregory became the purchaser, receiving a deed from the chancery commissioner on Feb. 17, 1846, which deed was promptly recorded; and under it Gregory and his vendees, including the

defendants, held possession up to the bringing of this action. The records of these proceedings are meagre and unsatisfactory, and are claimed by the defendants in error to be void as conveying title to school lands, because it is not shown that the requirements of said sales, as laid down in the case of *Phillips* v. *Burrus*, 13 S. & M. 31, were complied with.

However defective the records may be, or however much the proceedings themselves may have lacked of full compliance with the law, we do not see how it is possible to escape the plea of the Statute of Limitations interposed by the defendants. If we regard the title to the lands as vested in the county, or in any of the officers or boards thereof, the Statute of Limitations will run against them. *Money* v. *Miller*, 13 S. & M. 531. And if we regard the title as vested in the State, this action is equally barred, since more than fifteen years intervened between the adoption of the provision applying the Statute of Limitations to the State (Code of 1857, p. 402, art. 25) and the bringing of this suit, on Nov. 28, 1872. That the proceedings in which the deed originated were defective, or that the deed itself conferred no valid title, will not prevent its affording such color of title that possession taken thereunder will bar the right of entry where the same is continuous, adverse and for the length of time prescribed by the statute. *Hanna* v. *Renfro*, 32 Miss. 125 ; *Welborn* v. *Anderson*, 37 Miss. 155.

But it is said that in the case at bar the possession was not adverse, because it was not shown that Gregory ever paid the purchase price of the land. The argument is that the vendee, being let into possession of land by the vendor, does not hold adversely, but in subordination to and in trust for him, until payment of the purchase-money. In support of this view, which seems to have been adopted by the learned judge below, the case of *Benson* v. *Stewart*, 30 Miss. 49, in our own State, and the cases of *Jackson* v. *Hotchkiss*, 6 Cow. 401, and *Brady* v. *Begun*, 36 Barb. 533, and various others elsewhere, are cited and relied on. The case of *Benson* v. *Stewart* was a sale by title-bond, and all the other cases were contracts for future purchase only. In such cases, it is properly held that the possession is not adverse, but in privity with and in trust for the vendor, and that the vendee will be permitted to plead

neither the Statute of Limitation nor an outstanding title which he has bought in, until there has been payment of the purchase-money. Whether the title would not become adverse from the time when all remedy for collection of the purchase-money is barred, has perhaps not been definitely settled in this State.

But in the case at bar possession was taken under a deed absolute and perfect upon its face, however defective it may have been by reason of irregularities *dehors* the instrument. We know of no principle or authority which holds such possession not to be adverse, or which prevents such a deed from ripening into a perfect title by lapse of time.

But it is said that the instrument in question was only a lease for ninety-nine years, and that Gregory and his vendees were but tenants and assignees of the tenancy, under the plaintiffs, and that the possession of a tenant is never adverse to his landlord. This is confounding two wholly different things ; to wit, the setting up of an adverse title outside of the lease, and an adverse holding under it. A tenant may not set up any claim adverse to the title of his landlord; or, in other words, may not question his landlord's title. But where the attempt is to oust him, upon the allegation that he never had a lease, and the question is, whether in point of fact such a lease ever existed, he may rely upon his possession, not as adverse to his landlord's title in fee, but as really in subordination to it, though adverse to the landlord's claim of immediate possession. He acknowledges his landlord's right to the reversion, but claims that he holds a term for years ; and as to this claim he may rely upon a possession sufficiently prolonged to toll the right of entry.

In the case at bar, the defendants, having gone in under a lease for ninety-nine years, can never claim that their possession during that period was adverse to the plaintiff's right to the reversion, but they may set up the same in an action to eject them during the continuance of the term.

*Judgment reversed, and judgment here for the defendants.*