MADISON COUNTY v. S. C. POWELL.

LIMITATION.    *School-fund.    Debt barred.    Lien.*

Under code 1857 the statute of limitations ran against counties and county officials. Hence, a note given in 1860 to the trustees of the sixteenth section school-fund for lease of school-land was subject to the statute. On the completion of the bar, the lien for the purchase-money was also lost. *Brown* v. *Supervisors*, 54 Miss., 230.

FROM the chancery court of Madison county.

HON. H. C. CONN, Chancellor.

Bill by Madison county against appellee to recover certain sixteenth section school-lands, or, failing in this, to enforce upon it a lien for purchase-money. The land was leased in 1853 to W. G. Kearney for a term of ninety-nine years, and notes taken for the purchase-price, these, under the statute then in force, being a lien on the land. In 1859 the trustees of the sixteenth section school-fund of the county, acting through its president, executed to Kearney a conveyance of said land for the term aforesaid, reciting full payment of the purchase-money. The bill alleges that only a part of the price was paid, and that there is due the principal and interest of a note for $2,235.79, dated January 1, 1860, due January 1, 1861; that suit was brought and judgment recovered on said note at the October term, 1871, of the circuit court of said county, but no execution was ever issued thereon and no revivor had thereof; that the land has passed by mesne conveyances from Kearney to appellee, S. C. Powell.

Defendant demurred to the bill, and, from a decree sustaining the demurrer and dismissing the bill, the county appeals.

*H. B. Greaves*, for appellant.

So long as any part of the price remained unpaid, Kearney, and those claiming under him, held in subordination to

the title of the county. 36 Ala., 308; 22 *Ib.*, 207; 17 Ga., 600; 11 Ohio, 453; 30 Miss., 57; 65 Am. Dec., 628; 75 *Ib.*; 655; 36 Barb., 533; 11 Pa. St., 189. I concede that as to money of the school-fund loaned, the statute will run; but it seems that the statute authorizing the lease of school-land, which expressly provides for a lien until "full and complete payment is made," contemplated that the land should be forever bound for the unpaid purchase-money, and that subsequent purchasers should be held to have notice that there is a statutory lien on the land. I submit that *Brown* v. *Supervisors*, 54 Miss., 230, is not applicable, since, in that case, it was merely held that the proceeding through which defendant acquired title was defective, the prerequisite to a valid sale not having been complied with.

*Frank Johnston*, attorney-general, on the same side.

*W. H. Powell*, for appellee.

By code 1857, the statute of limitations ran against the state and its subdivisions. The cases of *Brown* v. *Supervisors*, 54 Miss., 230; *Clements* v. *Anderson*, 46 *Ib.*, 581; and *Money* v. *Miller*, 13 Smed. & M., 531, are conclusive that the debt was barred, and, this being so, the lien was also discharged.

CAMPBELL, C. J., delivered the opinion of the court.

The debt was long since barred, and the lien given by law to secure it was lost upon the completion of the bar of the debt. Code of 1892, §§ 2733, 2762. The fact that the debt was to the sixteenth section fund makes no difference. Time ran against trustees, county officials and counties until the bar was complete. *Money* v. *Miller*, 13 Smed. & M., 531; *Brown* v. *Supervisors*, 54 Miss., 230; *Clements* v. *Anderson*, 46 *Ib.*, 581. This has long been settled in this state, and we will not unsettle it.

*Affirmed.*