C. A. PAYETTE et al., Appellees, v. MARSHALL COUNTY et al., Appellants.

**JUDGMENT:** Lien—Loss of Lien—Subsequently Acquired Real
1  **Property.** Judgments are, by statute, liens on the real estate of the judgment defendant only during the ten years following the date of the judgment. It necessarily follows that real estate owned by the defendant at the expiration of said ten years, or subsequently acquired and later passed to heirs under the laws of inheritance, is wholly beyond the reach of said judgment. (See Sec. 3801, Code, 1897.)

**LIMITATION OF ACTIONS:** Application to State and Municipali-
2  ties—Nominal Appearance—Strictly County Matters. The State, when appearing in a purely nominal capacity, and a municipal corporation, when appearing simply as the representative of the people of such corporation, are not exempt from the operation of the statute of limitation. So held as to a county (with intervention by the State) seeking to collect an obligation due the temporary school fund of the county.

**INTOXICATING LIQUORS:** Judgments—Life of Lien on Real Es-
3  tate. A judgment for fine and costs in an intoxicating liquor prosecution necessarily ceases to be a lien on the defendant's real estate *at the expiration of the life of the judgment,* to wit, 20 years from the date thereof, irrespective of the declaration in Section 2422, Code, 1897, that such a judgment shall act as such lien *"until paid."* The latter section creates no *perpetual* lien.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

MONDAY, JUNE 25, 1917.

ACTION in equity to quiet title to land and for an

injunction. Decree for plaintiffs, and defendants appeal. The material facts are stated in the opinion.—*Affirmed.*

*George Cosson,* Attorney General, *C. A. Robbins, Ross R. Mowry,* Assistant Attorneys General, *M. M. O'Bryan* and *E. N. Farber,* for appellants.

*Carney & Carney,* and *B. L. Burritt,* for appellees.

WEAVER, J.—There is no dispute as to the facts. On April 30, 1879, in an action then pending in the district court of Marshall County, one John Payette was convicted of maintaining a liquor nuisance, and judgment was then and there entered, imposing upon him a fine of $100 and costs. Thereafter, on November 8, 1879, in a similar proceeding in the same court, he was again convicted, and adjudged to pay a fine of $50 and costs. These judgments, so far as the record shows, have never been paid. On June 29, 1899, Bridget Payette, wife of the said John Payette, died intestate, leaving certain land, which is described as Lot 6 of the N. E. ¼ of S. W. ¼ of Section 35, Township 84, Range 18, and an undivided half of Lot 4, Block 3, in Glick & Willigrod's Addition to Marshalltown, the other undivided half of said lot being then owned by her husband, John Payette, who survived her about 15 years, dying intestate, May 17, 1914. After the death of John Payette, the board of supervisors of Marshall County procured the issuance of executions upon the above-mentioned judgments, and levied upon said land as being subject to the payment thereof, and also caused the administrator of said estate to be garnished to enforce payment of the said claims. The plaintiffs, who are the children and heirs at law of both Bridget Payette and John Payette, bring this action in equity, setting up the facts as here related, and allege that they are the owners of said lands and that no part thereof is liable or subject to the

1. JUDGMENT: lien: loss of lien: subsequently acquired real property.

payment of said judgments, action upon which, they aver, is barred by the statute of limitations, and that right to have an execution thereon has long since expired. They therefore ask to have the title quieted in them, and that further attempt to enforce said executions by levy upon or sale of the property be enjoined.

By their answer, the board of supervisors and the sheriff holding the executions admit the devolution of the title upon plaintiffs as pleaded in the petition, but aver that the share therein which John Payette had and acquired in his lifetime became subject to the lien of said judgments, and that said liens are still valid and enforceable by execution for the benefit of Marshall County and its temporary school fund, and they ask a decree confirming their right to proceed with the sheriff's sale.

The State of Iowa also appeared and intervened, stating in its petition that it had an interest in the controversy in common with Marshall County and adverse to the plaintiffs. It alleges no facts on which such claim is asserted, but asks that the judgments be decreed to be a lien upon the property.

Plaintiffs demurred generally to the answer of the defendants and the petition of intervention. Both demurrers were sustained, as was also a demurrer to the defendants' cross-petition.

2. LIMITATION OF ACTIONS: application to state and municipalities: nominal appearance: strictly county matters.

I. In their argument to this court, the defendants first rely upon the proposition that the right to enforce the judgment against the lands is protected and preserved by virtue of the general rule that statutes of limitations do not operate against the sovereign or the government, whether state or Federal. The general soundness of this rule will not be questioned, but the propriety of its application to the case at bar is not so clear. Though the State for some reason made it-

self a party to the case by intervention, it fails to allege
or suggest a single fact, except to say it is interested in the
matter in controversy with the defendants and against
the plaintiffs. Nor is any attempt made in argument to
enlighten the court on that subject, and we think the case
is to be treated and disposed of precisely as it would have
been had the intervention not been made. It is true that
the judgments were entered in actions prosecuted in the
name of the State of Iowa, but a judgment in a case of
that nature and the money collected thereon do not belong
to the state, but to the county, for the use of its temporary
school fund. The state's interest, if any, is merely nominal,
and it is settled in this jurisdiction that, where the state
stands in a merely representative capacity and not in the
exercise of its sovereignty, its exemption from the statute
of limitations is not effectual. *State v. Henderson*, 40 Iowa
242.

This brings us to the next and more pertinent inquiry,
whether, under the circumstances of this case, the county is
to be regarded as a mere arm or instrument of the state's
sovereignty, and therefore entitled to an exemption from the
effect of the statute of limitations. Reference to the prec-
edents seems to indicate that, where the claim made by the'
county is in its own right or interest, and not in the inter-
est of the state or general public, the limitation is appli-
cable to the same extent as if the action were brought by
an individual. *Brown v. Painter*, 44 Iowa 368; *Hartman v.
Hunter*, 56 Ohio St. 175; *County of St. Charles v. Powell*,
22 Mo. 525; *H. & T. C. R. Co. v. Travis County*, 62 Tex.
16; *San Francisco v. Jones*, 20 Fed. 188; *Perry County v.
Selma M. & M. R. Co.*, 58 Ala. 546; *Ouachita v. Tufts*, 43
Ark. 136; *Chamberlain v. Board Supervisors Lawrence Co.*,
71 Miss. 949. The same principle has been recognized by
this court in *City of Pella v. Scholte*, 24 Iowa 283, 298,
and *County of Des Moines v. Harker*, 34 Iowa 84. The

county in this instance is seeking the enforcement of the Payette judgments, not for the use or benefit of the state nor for the use or benefit of the general public of the state, but solely in its own interest and in the interest of that particular part or fraction of the public within its local jurisdiction. The county is not the state (*Perry County v. Selma M. & M. R. Co.*, 58 Ala. 559), and the reasons upon which the rule *Nullum tempus occurrit regi* is supposed to rest, have little or very restricted application to the minor municipalities of the state.

II.   But irrespective of the effect of the general statute of limitations, there is another insuperable objection to the claim or right asserted by the appellants. Even if the judgments could be held not subject to the statute of limitations, neither the county nor the state could now enforce collections thereof against the property, title to which has passed to the plaintiffs, unless the court could further find or say that the judgments are and at all times have been a lien upon said property. In the absence of statute therefor, a mere personal judgment at law is never a lien upon the defendant's property without levy of execution, and when such statute exists, the lien so provided is measured and controlled by its terms. Our statute upon this subject is as follows:

"Judgments in the Supreme or district court of this state, or in the circuit or district court of the United States within the state, are liens upon the real estate   *   *   * for the period of ten years from the date of the judgment." Section 3801, Code, 1897.

Thus it will be seen that the very enactment which creates the lien provides in express terms for the period of its existence. This is not a statute of limitation upon a right of action which may be of no avail as against the sovereign authority of the state. It does no more than to fix a period of time within which a party, having obtained

a judgment, may follow the defendant's real estate into the hands of grantees. If he fails to avail himself of such privilege within the time fixed, the right expires, and he must enforce his judgment, if at all, by the usual method of levy and sale upon such property as he can find belonging to the judgment debtor, unaided by a statutory lien. The court has no power to extend its life, nor can the officers of the state prolong it by neglecting to make use of its benefits. See *Albee v. Curtis*, 77 Iowa 644. If Payette owned any non-exempt real estate in Marshall County when these judgments were entered, or if he acquired any within the succeeding 10-year period, the statutory lien attached thereto at once, and might have been enforced at any time within 10 years from the date of the judgment. They were not so enforced. Indeed, except as to the undivided half of Lot 4, the judgment could not have been a lien on the property at any time; for he did not acquire any title thereto until the death of his wife, in the year 1899, 20 years after the date of the judgments, and 10 •years after the time when the judgments could constitute or become a lien under the statute. It follows of necessity that plaintiffs hold the title to the property in controversy unincumbered by any lien thereon in favor of either state or county, and that the trial court was right in so holding.

III. Appellants further assert claim
3. INTOXICATING LIQUORS : judgments : life of lien on real estate. to a lien under the terms of Code Section 2422, which provides that judgments for fines and costs for violating the liquor laws may be collected as a charge against the property, both personal and real, used or occupied for such unlawful purpose, and that such charge shall be a lien on the property until paid. We shall not attempt to consider the extent or effect of the lien thus provided for by statute, except to say that we think it ought not to, and cannot, be con-

strued to provide a perpetual lien on the property. There is nothing in the statute which excepts such a judgment from the general statute which limits the effective life of a judgment of a court of record to the period of 20 years, and, in our opinion, the lien mentioned must be held to expire with it.

The issue joined as between defendants and appellee Hoes relates to a subsidiary matter which an affirmance upon the other issues renders of no importance at this time.

The decree below is right, and it is therefore—*Affirmed.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.