(No. 24489.

Rose G. Smith, Appellee, *vs.* John Toman, Sheriff, *et al.* Appellants.

*Opinion filed April 15, 1938.*

THOMAS J. COURTNEY, State's Attorney, (JACOB SHAM-BERG, and NEAL J. McAULIFFE, of counsel,) for appellants.

FREDERICK A. BROWN, (G. GALE ROBERSON, and DANIEL F. KEMP, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

In the trial of this case it was stipulated that Rose G. Smith, appellee, purchased certain real estate in Cook county on January 21, 1937, in good faith and for value, from the David J. Molloy Company. A judgment for $3200 and costs had been obtained by the People of the State of Illinois against that company on August 8, 1932, in the same court, but no execution was issued on that judgment until March 7, 1937. This suit was filed to enjoin the sheriff from selling appellee's property by virtue of that execution, and it was stipulated that unless enjoined, such sale would be made. The circuit court of Cook county rendered a decree in favor of the appellee enjoining the appellants from making such sale. The judgment was for personal property tax against the above named corporation, and the appeal was to this court. The question involved is whether the judgment for $3200 was a lien on appellee's real estate on January 21, 1937.

Section 1 of the Judgments act (Ill. Rev. Stat. 1937, chap. 77, p. 1897) provides, in part, "A judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer. * * * When execution is not issued on a judgment within one year from the time the same becomes a lien, it shall thereafter cease to be a lien, but execution may issue upon such judgment at any time within said seven years, and shall become a lien on such real estate from the time it shall be delivered to the sheriff or other proper officer to be executed."

At common law the sovereign had priority over all subjects for the payment out of the debtor's property of all debts owing to it, and this State having adopted the common law, the sovereign's right to priority in payment has become an attribute of the State. *People* v. *Farmers State Bank,* 335 Ill. 617; *Dunlap* v. *Gallatin County,* 15 id. 7; *People* v. *Oregon State Savings Bank,* 357 id. 545.

Appellants insist that the language quoted above from the Judgments act shows two separate provisions with reference to a judgment lien: (1) That a lien is created by the creditor obtaining the judgment, and (2) that it is lost by his failure to have execution issued within a year. From this premise, they argue that the language defeating the lien by non-action is language of limitation, a condition subsequent, and does not operate against the State; that the State cannot be foreclosed of any right because of *laches;* that the doctrine of estoppel does not apply to the sovereign and that neither malfeasance, misfeasance nor non-feasance can be imputed to the sovereign because of the action of its officers and servants, citing 2 Freeman on Judgments, (5th ed.) sec. 1007; 1 Black on Judgments, (2d ed.) sec. 462; *Commonwealth* v. *Baldwin,* 1 Watts (Pa.) 45; *People* v. *Woods,* 354 Ill. 224; *People* v. *Union Elevated*

*Railroad Co.* 269 id. 212; *People* v. *Illinois Women's Athletic Club,* 360 id. 577; *People* v. *Brown,* 67 id. 435.

A judgment did not create a lien upon the real estate of the debtor at common law. (2 Freeman on Judgments, (5th ed.) secs. 916, 917; Am. & Eng. Ency. of Law, 768, note 12.) A judgment lien is purely a creature of the statute. (*Sapp* v. *Wightman,* 103 Ill. 150; *Noe* v. *Moutray,* 170 id. 169; *Cook* v. *Avery,* 147 U. S. 375.) The crown's right to priority against its debtor's property attached at common law only upon seizure under, or enforcement of, the crown's writ of extent, which was a summary writ in the nature of an execution. (25 Corpus Juris 228; 8 Ency. of Pl. & Pr. 784; *Ex Parte Marshall,* 1 Atkyns Rep. 261.) If the property of the crown debtor was transferred to another before the crown enforced its prerogative right by the writ, the crown lost its right against the property. *Giles* v. *Grover,* 9 Bing. 128; *Middlesex County* v. *State Bank,* 29 N. J. Eq. 268; 51 A. L. R. 1355.

Appellants contend that the statutory provision that the lien should cease at the end of one year if no execution was issued, is not binding upon the State. They say that some officer might have caused an execution to be issued within the year, thus extending the lien of the judgment for the full seven years, and that the neglect or omission of a public officer cannot work an estoppel against the State. This is generally true. However, under our statutes, (Ill. Rev. Stat. 1937, chap. 120, pars. 171, 215, 239, 240,) unpaid personal property taxes are not a lien upon any of the real estate of the person failing to pay such taxes, but if the officials charged with the collection of such taxes fail to collect them, a statutory mode of making such uncollected personal property taxes a lien on the taxpayer's real estate is provided. Nevertheless, we have repeatedly held, that if such officials neglect or omit to follow the procedure outlined by statute to charge the taxpayer's real estate with

such uncollected personal property tax, the lien does not attach (*People* v. *Gibson,* 335 Ill. 198; *Mt. Carmel Light and Water Co.* v. *People,* 166 id. 199; *Howard* v. *Nichols,* 360 id. 628;) and a purchaser of land, even with notice of unpaid personal property taxes existing against the grantor, takes free of any lien for such taxes unless the land previously has been particularly charged in the method prescribed by statute. (*Belleville Nail Co.* v. *People,* 98 Ill. 399; *Parsons* v. *East St. Louis Gas Light and Coke Co.* 108 id. 380; *Kansas City Life Ins. Co.* v. *Gehant,* 362 id. 58.) In *Kinney* v. *Knoebel,* 51 Ill. 112, the State had previously recovered a judgment in the circuit court of Sangamon county against a person owning land in another county. Under the statute a judgment is a lien only upon land in the county where it is obtained, unless a transcript is filed in another county where the debtor owns land. The officer or attorney for the State might have obtained and filed such transcript in the county where the judgment debtor owned real estate but neglected or omitted to do so. We held the judgment obtained in Sangamon county was not a lien on land of the judgment debtor in another county, notwithstanding the State was the judgment creditor.

It is only by force of section 1 of our Judgments act that this judgment became a lien on appellee's land, and its existence is limited to one year, if the statute is not complied with. The duration of the lien is an integral part of the statute creating it. Appellants contend that the provision for the termination of the lien within a year if no execution is issued, is a statute of limitation and therefore not binding on the State. In Freeman on Judgments, fifth edition, section 1013, page 2108, the author says: "In considering the effect of statutes fixing the duration of judgment liens, it is necessary to bear in mind that they are generally regarded not as mere statutes of limitation, procedural in their nature, but rather as positive limitations on the substantive right." See, also, 37 Corpus Juris, 686.

In *Custer* v. *McCutcheon,* 283 U. S. 514, the issue was whether a judgment in favor of the United States rendered in the district court for Idaho was subject to the statute of that State which permitted the issuance of executions upon judgments only within five years from the date of rendition. In reversing a holding that the State statute did not apply, the Supreme Court of the United States said: "This ruling is based upon the familiar doctrine that in the absence of specific provision to the contrary statutes of limitation do not bind the sovereign. The petitioner insists that this act is not in the ordinary sense of the term a statute of limitation, that it does not affect the time within which a suit may be brought upon the judgment, but on the contrary it grants the right of execution, and the time element is an integral part of the right conferred. * * * The time limited for issuing executions is, strictly speaking, not a statute of limitation. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted. The plaintiff is not precluded from bringing an action upon the judgment, but merely from having execution in the form provided by State law."

In *Payette* v. *Marshall County,* 180 Iowa, 660, 163 N. W. 592, the State of Iowa sought to have a judgment in its favor decreed to be a lien on certain real estate. The judgment debtor had conveyed the land in question after the expiration of the time provided in the Iowa statute for the continuance of the lien. In holding that the judgment debtor's grantee took free of the judgment, the court said, "The very enactment which creates the lien provides in express terms for the period of its existence. This is not a statute of limitations upon a right of action which may be of no avail as against the sovereign authority of the State. It does no more than fix a period of time within which a party, having obtained a judgment, may follow

the defendant's real estate into the hands of grantees. Failing to avail himself of such privilege within the time fixed the right expires, and he must enforce his judgment, if at all, by the usual method of levy and sale upon such property as he can find belonging to the judgment debtor unaided by a statutory lien. The court has no power to extend its life, nor can the officers of the State prolong it by neglecting to make use of its benefits." Similar holdings are found in *Partee* v. *St. Louis and San Francisco Railroad Co.* 204 Fed. 970; *United States* v. *Harpootlian,* 24 Fed. (2d) 646; *Niemi* v. *Rosenbluh,* 263 N. Y. S. 445; *Thompson* v. *Avery,* 11 Utah, 214, 39 Pac. 829.

In somewhat analogous situations in litigation between private parties, this court has given consistent recognition to the principle that where the statute creates a right that did not exist at common law and restricts the time within which the right may be availed of, or otherwise imposes conditions, such statute is not a statute of limitation but the time element is an integral part of the enactment. Our holdings with reference to the right to contest a will under section 7 of the Wills act, and the right of action under the Injuries act, both of which were non-existent at common law, are examples. See, also, *Spaulding* v. *White,* 173 Ill. 127; *Chicago Title and Trust Co.* v. *Brown,* 183 id. 42; *Sharp* v. *Sharp,* 213 id. 332; *Carlin* v. *Peerless Gas Light Co.* 283 id. 142. Statutes of limitation relate to the question of remedy by fixing a time within which a suit must be brought. Those statutes which create a substantive right unknown to the common law and in which time is made an inherent element of the right so created, are not statutes of limitation. Section 1 of the Judgments act is such a statute.

For the reasons stated the decree of the circuit court of Cook county is affirmed.  *Decree affirmed.*