W. F. Holmes, Appellant, v. Bertha Fanyo, Appellee.

Gen. No. 10,030.

May term, 1945.　　　　　　　　　　　　　Heard in this court at the
Opinion filed October 22, 1945.
Rehearing denied November 28, 1945.　Released for publication Novem-
ber 29, 1945.

CLYDE E. MITCHELL, of La Salle, for appellant.

1

SAUM & NELSON and A. FRED KENDALL, both of Watseka, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On Sept. 13, 1937, W. F. Holmes filed a complaint in the circuit court of Iroquois county for confession of judgment, and a cognovit signed by appellee's (Bertha Fanyo,) attorney, confessing judgment in favor of Holmes to the amount of $2,290.64, plus costs of suit. On the same date an execution was issued and delivered to the sheriff, and returned by him on the same day showing said execution, "no part satisfied." On Sept. 9, 1944, pluries execution was issued in said case, and delivered to the sheriff who on Nov. 24, 1944, levied upon real estate belonging to the appellee, Bertha Fanyo. On Dec. 9, 1944, the appellee, Fanyo, filed a motion to quash said levy, and to stay further proceedings thereon, because said levy was made more than seven years after the date of the judgment.

After a hearing upon said motion, the trial court, on Dec. 14, 1944, entered an order quashing said levy, and staying further proceedings thereon, upon the ground that said levy was made more than seven years after the date of the rendition of the judgment, and the court further ordered that said execution, which was issued prior to the seven year period, be recalled and that the realty levied upon, under said execution be released from the lien of said levy and execution. It is from this order that the appeal is prosecuted.

The chronological order in which the events important to the decision of this litigation is as follows:

1. September 13, 1937—Judgment rendered in favor of W. F. Holmes and against Bertha Fanyo, for $2,290.64 plus costs of suit.

2. September 13, 1937—Execution issued and delivered to sheriff.

3.   December 13, 1937—Return of execution showing no part satisfied.

4.   September 9, 1944—Pluries execution issued and delivered to sheriff.

5.   November 24, 1944—Levy on certain real estate by sheriff.

6.   November 24, 1944—Certificate of levy showing that by virtue of pluries execution of September 9, 1944, said sheriff levied on certain real estate.

7.   December 9, 1944—Defendant's motion to quash levy and stay further proceedings thereon.

8.   December 14, 1944—Order of circuit court quashing levy and staying further proceedings thereon and memorandum opinion of circuit court.

The question to be decided in this appeal is whether or not a judgment continues as a lien when an execution was issued prior to the seven year period, (or the expiration lien limitation period of a judgment,) but a levy had not been made on the premises of the defendant until after the seven year period had expired. Part of sec. 1, ch. 77, Ill. Rev. Stats. 1943 [Jones Ill. Stats. Ann. 107.151] is as follows: "As to real estate included within Class 2, a judgment of a court of record shall be a lien on the real estate of the person against whom it is obtained, situated within the county for which the court is held, from the time the same is rendered or revived, for the period of seven years, and no longer." Section 6 [107.156] of the same chapter is as follows: "No execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of the same by scire facias; but real estate, levied upon within said seven years, may be sold upon a venditio rei (venditioni) exponas, at any time within one year after the expiration of said seven years."

The case must be decided, as declared by the statute, as a judgment lien, is purely a creature of the statute. A judgment did not create a lien on real estate of the debtor at common law. *Smith v. Toman,* 368 Ill. 414. It is held in the case of *Dobbins v. First Nat. Bank of Peoria,* 112 Ill. 553, that in construing the judgment statute, secs. 1 and 6 should be construed together. The appellant relies upon the case of *Dobbins v. First Nat. Bank of Peoria, supra,* and *Hastings v. Bryant,* 115 Ill. 69. An examination of these cases discloses that they are not authority for the question as presented to us. In each of the above mentioned cases, an execution was issued, and given to the sheriff for service, and the sheriff levied upon the property within the seven year period, and the court held that under the law as it then, and now exists, that the levy was good and that they could sell the property after the expiration of the seven year period. In the present case, the execution was issued, and delivered to the sheriff within the seven year period, but no levy was made until after the expiration seven year period, and under the statute the lien created had expired.

It is our opinion that the court's order in quashing the levy and staying further proceedings in regard to the execution, was proper and the judgment appealed from should be affirmed.

*Judgment affirmed.*