STATE ex rel. SEBRING, Bank Com'r. v. STERLING.

No. 32106. April 1, 1947.

*179 P. 2d 125.*

Randell S. Cobb, Atty. Gen., and S. H. King, Asst. Atty. Gen., for plaintiff in error.

Little & Smith, of Madill, for defendant in error.

ARNOLD, J. This is an action to quiet title to certain real estate. Plaintiff owner sued several persons· among whom was the State of Oklahoma ex rel. the Bank Comissioner. The case was tried, by agreement of all parties, only between plaintiff and the state. By appropriate pleadings issues were joined between plaintiff and the state. The facts were stipulated and, as far as pertinent, are:

Plaintiff is the owner of the land described, the state is the owner of two judgments against the plaintiff based upon two promissory notes to the Aylesworth State Bank, a member of the State Guaranty Fund; nothing was ever paid on said judgments; more than six years had expired since the entry of the judgments and no execution was ever issued nor application made for revivor of the judgments.

The trial court held that the judgments were dormant and no longer constituted liens upon the real estate of plaintiff and quieted title against the state.

It is thus apparent that the question determative of this appeal is whether 12 O. S. 1941 § 735 is a statute of limitation which, by reason of the rule of immunity of the sovereign, has no application to the State of Oklahoma in this action.

Section 735, Id., is known as the dormancy statute and provides that the lien of a judgment ceases to exist at the expiration of five years if no execution has been issued thereon. We think there is a clear and distinct difference between a statute of limitation and the dormancy statute. A statute of limitation has been called a statute of repose and the holder of a right of action cannot, by any act on his part, disturb the quiescence produced by the running of the period of limitation. That disturbance can be produced only by some act of the defendant in the. action. The situation is quite different under the dormancy statute. The provisions of the dormancy statute constitute a condition imposed upon the holder of a judgment which inheres in the judgment itself and is a part thereof. State of ·Oklahoma ex rel. Com'rs of the Land Office v. Ray O. Weems et al., 197 Okla. 106, 168 P. 2d 629. No act by the judgment debtor is necessary to enable the judgment creditor to preserve the lien of his judgment if he revives it within one year. These judgments constituted liens upon the real estate of the judgment debtor in the county where rendered (12 O. S. 1941 § 706) and the judgment creditor had an absolute right, within the time prescribed, to revive said judgments. There is no other limitation than that of the dormancy statute upon the effective duration of a judgment. There was no judgment lien at common law. In granting a right that did not exist at common law the Legislature could and did fix certain conditions or requirements that must be met by all judgment creditors if dormancy is to be prevented and the lien of a judgment is to be continued (12 O. S. 1941 §§ 1078 and 1071).

That the dormancy statute is not a true statute of limitation under which the sovereign enjoys immunity is shown by numerous decisions of other jurisdic-

tions, including the Supreme Court of the United States. If the dormancy statute were a true statute of limitation, judgments in favor of a state or the federal government would be immune from its operation whether the period fixed for dormancy be long or short. It varies in different jurisdictions. Some of the authorities determining this are Payette v. Marshall County, 180 Iowa, 660, 163 N. W. 592; Smith v. Toman, 368 Ill. 414, 14 N. E. 2d 478; Thompson v. Avery, 11 Utah, 214, 39 P. 829; United States v. Harpootlian, 24 Fed. 2d 646; Custer v. McCutcheon, 283 U. S. 514, 51 S. Ct. 531, 75 L. Ed. 1239. In the case of Payette v. Marshall County, supra, the Supreme Court said:

"The very enactment which creates the lien provides in express terms for the period of its existence. This is not a statute of limitation upon a right of action which may be of no avail as against the sovereign authority of the state. It does no more than to fix a period of time within which a party, having obtained a judgment, may follow the defendant's real estate into the hands of the grantees. Failing to avail himself of such privilege within the time fixed the right expires, and he must enforce his judgment, if at all, by the usual method of levy and sale upon such property as he can find belonging to the judgment debtor unaided by a statutory lien. The court has no power to extend its life, nor can the officers of the state prolong it by neglecting to make use of its benefits."

A similar statement is contained in the syllabus to the case of Smith v. Toman, supra, paragraph 7 thereof reading:

"Where a statute creates a right that did not exist at common law and restricts the time within which the right may be availed of, such statute is not a statute of limitation, but the time element is an inherent element of the right so created."

By reason of the fact that the judgments in question were not revived within the time prescribed, the liens thereof ceased to operate as liens and the plaintiff was entitled to the decree quieting his title.

Affirmed.

RILEY, OSBORN, BAYLESS, WELCH, CORN and GIBSON, JJ., concur. HURST, C.J., dissents.