STATE ex rel. COMMISSIONERS OF LAND OFFICE v. WHITFIELD et al.

No. 33104.　May 4, 1948.

*193 P. 2d 306.*

Lonnie L. Corn and Floyd Wheeler, both of Oklahoma City, for plaintiff in error.

H. A. Ledbetter, of Ardmore, for defendants in error.

HURST, C.J. On October 3, 1929, the plaintiff recovered a judgment against Roger Whitfield and Myrtle Whitfield in the district court of Carter county for the sum of $7,469.66 with interest thereon at the rate of 10 per cent per annum, together with an attorney's fee of $500 and a decree foreclosing a real estate mortgage given to secure the note representing the indebtedness. On February 11, 1935, the real estate was sold at a foreclosure sale, the plaintiff purchasing the property for $5,000 and applying the purchase price upon the amount of the judgment. After the purchase price was so applied, there remained a deficiency on the judgment in the sum of $6,490.26, which deficiency drew interest at the rate of 10 per cent per annum, and there also remained due an attorney's fee of $500. On November 18, 1946, this action was commenced to recover a judgment for the amount of such deficiency, interest and attorney's fee. The defendants filed a demurrer to the petition, which alleged the foregoing facts, assigning as ground therefor, (1) that another action was pending between the plaintiff and defendants, (2) that the court was without jurisdiction to render two judgments in favor of the plaintiff and against the defendants, and (3) that the petition shows on its face that the action is barred by the statute of limitations. From a decree sustaining said demurrer and rendering judgment for the defendants, the plaintiff has perfected this appeal by transcript.

1. Defendants have filed a motion to dismiss the appeal (a) because the plaintiff did not serve a case-made upon the defendants within sixty days as authorized by the judgment appealed from, (b) because the appeal could only be prosecuted by case-made or bill of exceptions and not by transcript, (c) because the transcript was not filed in the district court of Carter county, and (d) because the appeal is frivolous.

The motion to dismiss the appeal is without merit and is overruled. The demurrer to the petition is a "pleading" as the term is used in 12 O.S. 1941 §704, and the petition, demurrer and judgment are a part of the "record" as defined in said section. The term "record" as therein used is synonymous with the term "judgment roll" as used at common law. Dime Savings & Trust Co. v. Able, 185 Okla. 461, 94 P. 2d 834. A judgment sustaining a demurrer to the petition and entering judgment for the defendant on the refusal of the plaintiff to plead further may be reviewed on appeal by a petition in error and duly certified transcript of the record. 12 O.S. 1941 §956; Menten v. Shuttee, 11 Okla. 381, 67 P. 478. A transcript of the record need not be served upon the appellee or filed in the lower court, as is required of a case-made.

2. The defendants contend that an action cannot be maintained on a judgment that has become dead by reason of failure to timely revive it, and they cite authorities in support of this contention involving private rights. They also cite authorities having to do with the extinguishment of liens under the dormancy statutes. They cite no case on this question involving suits by the state, other than State v. Weems, 197 Okla. 106, 168 P. 2d 629, which they say should not be followed because the statement there made that the State of Oklahoma on the relation of the Commissioners of the Land Office may main-

tain a suit upon a judgment after it has become dormant constituted obiter dicta.

The defendants rely upon Board of Education v. Board of Commissioners of Creek County, 171 Okla. 464, 43 P. 2d 139. That case does not deny the right of a judgment creditor to sue upon a judgment, but, rather, it stands for the rule that the court may refuse to enter a judgment where the action thereon is not necessary in order to enable the plaintiff to have the full benefit of his judgment. There judgment was denied because the only purpose of the judgment was to secure interest upon interest due on the prior judgment, to which plaintiff was not entitled. Here, good cause is shown for suing upon the judgment, since no execution can issue on the dormant judgment and the state is entitled to a judgment on which execution can be issued. Defendants also rely upon State v. Lewis, 197 Okla. 288, 170 P. 2d 237. That case stands for the rule that after a judgment lien in favor of the Commissioners of the Land Office has ceased to exist by reason of the dormancy statute, the judgment debtor may sue to quiet title and have it adjudged that the lien has ceased to exist. This has no bearing upon the issue in the instant case.

The statute of limitations does not apply to the state in the enforcement of obligations owing to the Commissioners of the Land Office since, in enforcing such obligations, the state is acting in a sovereign capacity. State v. Hall, 191 Okla. 257, 128 P. 2d 838. A final judgment for the recovery of money is a chose in action, on which the judgment creditor may ordinarily maintain a suit for the recovery of the balance due thereon. Davis v. Foley, 60 Okla. 87, 159 P. 646; 15 R.C.L. 898; 31 Am. Jur. 328; 34 C.J. 1082; 50 C.J.S. 422. A dormant judgment may be revived and the obligation renewed by an independent suit thereon prosecuted prior to the time the judgment becomes dead. Jones v. Nye, 56 Okla. 578, 156 P. 332, L.R.A. 1916E, 735; Phillips v. Western Electric Co., 108 Okla. 274, 236 P. 425. It logically follows from these rules that, since the statute of limitations does not apply to a judgment in favor of the state, such as that involved in this case, neither the one year statute of limitations for reviving dormant judgments (12 O. S. 1941 §1071), nor any other statute of limitation bars such an action, as we held in State v. Weems, above.

Reversed, with directions to overrule the demurrer to the petition and to proceed not inconsistent with the views herein expressed.

DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.