The **STATE** of Oklahoma, on relation of the **COMMISSIONERS OF the LAND OFFICE** of said State, Plaintiff in Error,

v.

Louise **MILLER**, Administratrix of the Estate of Olive M. Miller, Deceased, Defendant in Error.

No. 39960.

Supreme Court of Oklahoma.

Dec. 18, 1962.

Rehearing Denied April 23, 1963.

R. H. Dunn, N. A. Gibson, Francis Stewart, W. G. Jones, Oklahoma City, for plaintiff in error.

Lewis M. Watson, Ada, for defendant in error.

HALLEY, Justice.

The State of Oklahoma on relation of the Commissioners of the Land Office, hereafter called the State, brought this action in the District Court of Pottawatomie County against Louise Miller, Administratrix of the Estate of Olive M. Miller, deceased, to recover the amount due on a deficiency judgment theretofore rendered against Olive M. Miller during her lifetime in 1937, which judgment had become dormant.

The evidence presented by the State proved that in 1935 the State of Oklahoma on relation of the Commissioners of the Land Office obtained judgment against Olive M. Miller and others in an action on a note and to foreclose a mortgage on certain real estate; that in 1936 the real estate was sold at judicial sale which was confirmed in 1937, leaving a deficiency judgment against the judgment debtors in the amount of $1,807.40, together with interest and the costs of the action and an attorney's fee of $230.00. No execution was issued nor were any other steps taken by the State to prevent the judgment from becoming dormant. Olive M. Miller died on December 30, 1959. The State presented its claim which was rejected by the Administratrix and this action was filed, all within the time provided by law.

The Administratrix demurred to the State's evidence on the ground that the judgment upon which the action is based had become dormant and could not therefore be made the basis of this action. The trial court sustained the demurrer to the evidence. The State filed its motion for new trial which was overruled, and the State appeals.

The State does not deny that it is bound by the provisions of the dormancy statute (12 O.S.1961 § 735) and therefore the deficiency judgment entered in 1937 had ceased to operate as a lien upon the estate of Olive M. Miller long prior to her death. State ex rel. Commissioners of the Land Office v. Weems, 197 Okl. 106, 168 P.2d 629; State ex rel. Commissioners of the Land Office v. Lewis, 197 Okl. 288, 170 P.2d 237.

The State argues that the deficiency judgment is not extinguished by failure to revive the dormant judgment within the one year period provided in 12 O.S.1961 § 1071, for the reason that the State in enforcing such an obligation as this is acting in a sovereign capacity and the one year statute of limitations for reviving dormant judgments does not apply to it. State ex rel. Commissioners of the Land Office v. Whitfield, 200 Okl. 300, 193 P.2d 306; State ex rel. Commissioners of the Land Office v. Collins, 206 Okl. 99, 241 P.2d 400. The brief of Administratrix concedes that this is a correct statement of the law, but argues that whenever a judgment remains dormant until the judgment debtor dies, that event places the dormant judgment beyond the point of revivor because the judgment then becomes legally dead. To sustain such argument the Administratrix cites Lallathin v. Keaton, 198 Okl. 312, 178 P.2d 101, and Jones v. Nye, 56 Okl. 578, 156 P. 332, L.R.A.1916E, 735. In both of those cases we held that a judgment becomes dormant upon the death of the judgment creditor; and, if such dormant judgment is not revived within the year in accordance with the statutory provisions of 12 O.S.1961 § 1071, or by an independent action timely filed, it becomes legally dead so that no action can be predicated upon it.

These two cited cases and others cited by Administratrix are distinguishable from facts of the instant case and the law

applicable thereto. In the instant case the judgment debtor is the one who has died, and the one year statute of limitations for revival of actions does not apply to the State where, as here, it is acting in its sovereign capacity.

 Neither party cites any case which is squarely in point with the facts in the instant case. The case of State ex rel. Commissioners of the Land Office v. Whitfield, supra, is very similar to the instant case, with one insignificant difference. In that case the State had recovered judgment against defendants in 1929 and a decree foreclosing a real estate mortgage which secured a note representing the indebtedness. Thereafter, the State caused the real estate to be sold at foreclosure sale in 1935, which left a deficiency judgment. In 1946 an action was brought to recover judgment on the then dormant deficiency judgment. Defendants' demurrer to the petition was sustained and we reversed with directions to overrule the demurrer. We there held in the fourth paragraph of the syllabus:

"The State of Oklahoma on the relation of the Commissioners of the Land Office may maintain an independent action to recover a judgment for the deficiency due on a prior final money judgment that has become dormant, and neither the one year statute of limitations (12 O.S.1941 § 1071) nor any other statute of limitations bars such an action."

The Administratrix attempts to distinguish our holding in that case because of the fact that the independent action on the dormant deficiency judgment was commenced during the lifetime of the judgment debtors, whereas in the instant case such action was commenced after the death of judgment debtor. We see no reason to make such a distinction. We find that there is the same reason in the instant case for allowing an action on a dormant judgment as there was in the Whitfield case, supra. We said there:

" * * * Here, good cause is shown for suing upon a judgment, since no

execution can issue on the dormant judgment and the state is entitled to a judgment on which execution can be issued. * * * "

In State ex rel. Commissioners of the Land Office v. Weems, 197 Okl. 106, 168 P.2d 629, we held that where a judgment in favor of the State is dormant, a new action may be prosecuted for a new judgment based upon a dormant judgment. Upon the death of the judgment debtor in the instant case, the State was relegated to the statutory procedure for making claim against the estate of the deceased judgment debtor. Tucker v. Gautier, 196 Okl. 267, 164 P.2d 613. When the statutory procedure was followed, as here, it was error for the trial court to sustain the demurrer to the State's evidence.

Reversed with directions to proceed in conformity with the views herein expressed.

Rehearing Denied April 23, 1963.