Wallace F. SUMPTER and Pete King,
Plaintiffs in Error,
v.
STATE of Oklahoma ex rel. David HALL,
County Attorney of Tulsa County,
Oklahoma, Defendant in Error.
No. 41627.

Supreme Court of Oklahoma.
Oct. 11, 1966.

Gordon L. Patten, Tulsa, for plaintiff in error.

Ted Flanagan, Asst. County Atty. of Tulsa County, for defendant in error.

JACKSON, Vice Chief Justice.

This is an appeal from judgment for plaintiff and order overruling defendant's motion for new trial in an action upon a forfeited appearance bond brought by the State of Oklahoma ex rel. David Hall, County Attorney of Tulsa County, against Wallace F. Sumpter, principal upon the bond, and Pete King, surety. No service of summons was had on the defendant Sumpter and no judgment was taken against him. The defendant King, the surety, appeals.

This civil action upon the forfeited bond was not begun until more than one year had elapsed after the entry of the order forfeiting the bond, and defendant's first proposition on appeal is that the action was barred by the one year statute of limitation, 12 O.S.1961, § 95 (Fourth). In support of this proposition, defendant argues that "the State of Oklahoma has no pecuniary interest in the proceeds of forfeited bonds, and the sovereign exemption for the statute of limitations does not apply". The argument that the state has no pecuniary interest in the proceeds is based upon the premise that one-fourth of the proceeds goes to the county attorney under 19 O.S.1961, § 186, and the balance goes to the court fund under 62 O.S.1961, § 321. Defendant cites Savoy Oil Company v. Emery, 137 Okl. 67, 277 P. 1029, and State Insurance Fund v. Taron, Okl., 333 P.2d 508.

These cases are not in point. In the Savoy case, the State on relation of the Bank Commissioner intervened in an action between private parties after it (the State) had disposed of its interest in the subject matter of the suit. This court held that since the State was a nominal party only, with no interest in the subject matter, the statutes of limitation were applicable. In State Insurance Fund v. Taron, the Fund began a "third party action" against one whose negligence caused injury for which the Fund had paid compensation under our Workmen's Compensation Laws. This court held that under those circumstances, the State, through the State Insurance Fund, was enforcing a private, as distinguished from a public, right, and that statutes of limitation were applicable.

For a discussion of the general doctrine of sovereign immunity from the operation of statutes of limitation, see State ex rel. Commissioners of Land Office v. Hall, 191 Okl. 257, 259, 128 P.2d 838. Further discussion of this doctrine is unnecessary here for the reason that the question presented was squarely decided by this court in the 1915 case of White v. State, 50 Okl. 97, 150 P. 716, an appeal in an action upon a forfeited appearance bond. In answer to the argument that the action was barred by limitations, this court said:

"The next assignment of error is that the cause of action is barred by the statute of limitations, but the rule is as old as the law itself that no time runs against the state. The ground on which this doctrine rests is the great principle of public policy that the public interest shall not be prejudiced by the neglect of public officers, to whose care they are consigned. * * *".

This case has been cited many times since 1915, though apparently never in a case involving precisely the same question.

In passing, we note that it appears that in enforcing civil liability upon an appearance bond forfeited in a criminal case, the State acts in a sovereign capacity, and enforces a public right which has for its ultimate object the aid of the enforcement of the criminal laws of this state.

We hold that the instant action was not barred by any statute of limitation.

Defendant's second argument on appeal is that the evidence is insufficient to support

the judgment for the reason that the journal of the court, showing the entry of the order forfeiting appearance bond, was not introduced in evidence. However, an examination of the record before us discloses conclusively that the journal entry was introduced in evidence, and this argument is without merit.

No other attack is made on the judgment.