**CHARLES BANFIELD COMPANY, a corporation, et al., Appellees,**

v.

**The STATE of Oklahoma ex rel. S. M. FALLIS, Jr., District Attorney, Appellant.**

**No. 46430.**

Supreme Court of Oklahoma.

July 16, 1974.

Earl W. Wolfe, Tulsa, for appellees.

S. M. Fallis, Jr., Dist. Atty., Marvin E. Spears, J. Richard Johnson, Jr., Asst. Dist. Attys., Tulsa, for appellant.

BERRY, Justice.

Plaintiffs brought this action to quiet title to certain real property located in Tulsa County.

The state had obtained final judgments in Tulsa County against plaintiffs and others in 9 cases involving appearance bond forfeitures. These judgments have been entered upon the judgment docket of the District Court of Tulsa County.

Plaintiffs alleged the judgment liens were no longer valid and subsisting liens because the judgments had become dormant pursuant to 12 O.S. 1971 § 735.

The case was submitted to the trial court on stipulated facts and the trial court entered judgment quieting title in plaintiffs and enjoining and restraining the state from setting up or asserting any right, title, equity or interest in or to the described real estate. The state appeals.

12 O.S. 1971 § 735, provides:

"If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities."

In the present case 5 years had intervened since the last execution issued on each of the judgments. However, in attempting to enforce the judgments the state had issued garnishment against the assets of Walter Fleming within the 5 years preceding the time the petition was filed. Fleming was a codefendant in each of the bond forfeiture cases.

The issues raised on appeal are:

(1) Were the garnishments issued by the state against Fleming "executions" within the meaning of § 735, supra, and therefore sufficient to prevent the liens from being extinguished?

(2) If not, does 12 O.S. 1971 § 735, run against the state of Oklahoma as against other creditors?

The state contends garnishments issued by the state against assets of a co-judgment debtor are "executions."

In support of this contention the state cites Davidson v. Finley, 96 Okl. 291, 222 P. 678, wherein we stated:

"* * * It may be admitted that garnishment is not an execution, yet gar-

nishment after judgment is in the nature of an execution brought for the purpose of reaching property or assets of the defendant in the possession of a third party."

The state further cites First National Bank of Cordell v. City Guaranty Bank, 174 Okl. 545, 51 P.2d 573, wherein we stated:

"In discussing garnishment, 28 C.J. 33 reads: 'There is a distinct kind of garnishment, known as garnishment upon judgment or in aid of execution in which the judgment is the direct basis of the writ, and which issues upon the judgment in somewhat the same manner as an execution and in immediate aid or in lieu thereof.' "

We note that these authorities recognize that garnishment is not execution.

In Thomas v. Murray, 174 Okl. 36, 49 P.2d 1080, we considered the dormancy statute and stated:

" * * * where the issuance of execution is not prevented by civil process, such statutes will be strictly construed, and the court will refuse to ingraft exceptions other than those contained in the statute itself. * * *"

■ Therefore, we conclude the issuance of garnishment against the assets of Fleming did not prvent the judgments from becoming dormant pursuant to § 735, supra.

The state next contends § 735, supra, does not run against the State of Oklahoma.

■ Plaintiffs concede statutes of limitation do not run against the state when it is acting in its sovereign capacity to enforce a public right. State v. Hall, 191 Okl. 257, 128 P.2d 838; Sumpter v. State, Okl., 418 P.2d 918.

However, plaintiffs cite cases wherein we have held the dormancy statute is not a statute of limitation and is applicable against the state. State v. Sterling, 198 Okl. 398, 179 P.2d 125; State v. Weems, 197 Okl. 106, 168 P.2d 629; State v. Lewis, 197 Okl. 288, 170 P.2d 237; State v. Miller, Okl., 380 P.2d 938.

In the syllabus of State v. Weems, supra, we held:

"4. The dormancy statute (12 O.S. 1941 § 735) is procedural and judgments in favor of the state ordinarily become dormant if execution is not sued out as provided therein."

. We have also held that a citizen may bring an action against the state to cancel an obsolete lien. State v. Lewis, supra.

Defendant acknowledges the principles set out in the cited cases but contends they are not controlling because none of the cases considered Art. V § 53, Okla. Const., which controls over § 735, supra.

Subject to certain exceptions which are not here applicable, Art. V § 53, provides the legislature shall have no power to release or extinguish, or to authorize the release or extinguishing, in whole or in part, the indebtedness, liabilities, or obligation of any corporation or individual to the state.

■ We conclude § 735, supra, does not conflict with Art. V § 53, supra. The statute does not extinguish or release an obligation of the state. It merely extinguishes the lien created by the judgment.

We do recognize that 12 O.S. 1961 § 1078, the statute allowing revivor of dormant judgments, has been repealed.

However, in the syllabi of State v. Weems, supra, we stated with reference to judgments in favor of the state:

"5. Such obligations are extinguishable only by payment; a judgment representing such an indebtedness is not extinguished by failure to comply with the requirements of the foregoing provisions relative to dormancy and revivor of dormant judgments.

"6. A suit may be prosecuted on such a judgment."

In State v. Whitfield, 200 Okl. 300, 193 P.2d 306, we stated:

"* * * the state is entitled to a judgment on which execution can be issued. * * *"

See also State v. Miller, supra.

We conclude the state is entitled to bring an independent action to recover judgment for the deficiency due on the prior judgments which have become dormant.

We conclude the trial court did not err in finding the state's judgment became dormant and the judgment liens were no longer valid existing liens.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J. and IRWIN, LAVENDER, DOOLIN, JJ., concur.

HODGES, and BARNES, JJ., dissent.