OKLAHOMA TAX COMMISSION — DURATION OF TAX WARRANTS AND LIENS Title 68 O.S. 234 [68-234] provides, in effect, that a tax warrant or lien issued by the Oklahoma Tax Commission shall constitute a prior, superior and paramount claim as against the claims of unsecured creditors and shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid. Title 40 O.S. 224 [40-224](h) provides, in effect, that a tax warrant or lien issued by the Oklahoma Employment Securities Commission shall constitute and be evidence and notice of the State's lien on the title to any interest in any real property of the delinquent employer against whom such warrant is issued, in the same manner and to the same extent and effect as a judgment of the District Court of said county in the office of said court clerk, and is subject to the provisions for execution in 12 O.S. 735 [12-735]. The Attorney General has considered your request for an opinion, wherein, in effect, you ask the following question: What is the duration of a tax warrant or lien created by the Oklahoma Tax Commission and/or the Oklahoma Employment Securities Commission and must it be perfected every five years by execution? Your question regarding the Oklahoma Tax Commission can be answered by a plain reading of 68 O.S. 234 [68-234] which provides: "(a) All taxes, interest and penalties imposed by the provisions of this article, or any state tax law, are hereby declared to constitute a lien in favor of the state upon all franchises, property, and rights to property, whether real or personal, then belonging to or thereafter acquired by the person owing the tax, whether such property is employed by such person in the prosecution of business, or is in the hands of an assignee, trustee or receiver for the benefit of creditors, from the date said taxes are due and payable under the provisions of the state tax laws levying such taxes. Said lien shall be in addition to any lien accrued by the filing of a tax warrant or tax certificate as provided by 68 O.S. 230 [68-230] and 68 O.S. 231 [68-231]. Said lien shall be prior, superior and paramount to all other liens, claims, or encumbrances on said property of whatsoever kind or character, except those of any bona fide mortgagee, pledgee, judgment creditor, or purchaser, whose rights shall have attached prior to the date of the entry upon the district court's judgment docket in the office of the court clerk in the county in which the property is located, of the notice of the lien of the state under a tax certificate, as provided by 68 O.S. 230 [68-230], or under a tax warrant as provided by 68 O.S. 231 [68-231], and who have filed or recorded said mortgages and conveyances in the office of the county clerk of the county in which the property is located. Such taxes, penalties and interest shall at all times, constitute a prior, superior and para mount claim as against the claims of unsecured creditors. The said lien of the State shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid." (Emphasis added) It is therefore apparent that a tax warrant issued by the Oklahoma Tax Commission is deemed a tax lien in favor of the State and that said lien shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid. Furthermore, the statute makes no requirements for perfection by execution. In regard to your question concerning the duration of a tax warrant or lien created by the Oklahoma Employment Securities Commission, I direct your attention to 40 O.S. 224 [40-224](h) (1971) which states in part: ". . . The filing of said warrant in the office of the court clerk and the entering thereof in the judgment docket of the district court of said county, shall constitute and be evidence and notice of the State's lien upon the title to any interest in any real property of the delinquent employer against whom such warrant is issued, in the same manner and to the same extent and effect as a judgment of the District Court of said county in the office of said court clerk. Such lien shall be in addition to any and all other liens existing in favor of the State to secure the payment of such unpaid contribution, interest, and costs, and such lien shall be paramount and superior to all other liens of whatsoever kind or character, attaching to any of said property subsequent to the date of such entry upon such judgment docket, and shall be in addition to any lien provided for in Subsection (c) of this Section. . . ." It is clear from the reading of 40 O.S. 224 [40-224] that the tax warrant or lien issued by the Oklahoma Employment Securities Commission is treated as any other judgment in the District Court and thus is subject to the general provisions regarding execution. Title 12 O.S. 735 [12-735] (1971) states: "If execution shall not be sued out within five years after the date of any judgment that now is or may hereafter be rendered, in any court of record in this State, or if five years shall have intervened between the date of the last execution issued on such judgment the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities." This statute was held to be applicable to liens issued by the State in the case of Banfield Co. v. State, ex rel. Fallis, 525 P.2d 638 (1974). In Banfield, the Court stated: "This section providing that judgment shall become dormant if execution shall not be sued out within five years after date of any judgment is applicable against the State . . ." It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 68 O.S. 234 [68-234] provides, in effect, that a tax warrant or lien issued by the Oklahoma Tax Commission shall constitute a prior, superior and paramount claim as against the claims of unsecured creditors and shall continue until the amount of the tax and penalty due and owing, and interest subsequently accruing thereon, is paid. Title 40 O.S. 224 [40-224](h) provides, in effect, that a tax warrant or lien issued by the Oklahoma Employment Securities Commission shall constitute and be evidence and notice of the State's lien on the title to any interest in any real property of the delinquent employer against whom such warrant is issued, in the same manner and to the same extent and effect as a judgment of the District Court of said county in the office of said court clerk, and is subject to the provisions for execution in 12 O.S. 735 [12-735]. (DAVID K. McCURDY) (ksg)