Ira Gene **WHEELER** and Violet Lucille Wheeler, Appellees,

v.

**STATE of Oklahoma ex rel. OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellant.**

No. 57896.

Supreme Court of Oklahoma.

June 21, 1983.

James D. Stevens, Asst. Gen. Counsel, Okla. Employment Sec. Com'n, Oklahoma City, for appellant.

Paul E. Garrison and Rita J. Lamkin, Tulsa, for appellees.

IRWIN, Justice:

In 1956 two unemployment compensation tax warrants issued by the Oklahoma Employment Security Commission (Commission) were filed with the Tulsa County Court Clerk and entered on his judgment docket. Under 40 O.S.1951, § 224(h) [1], those tax warrants became a lien upon real property of the delinquent employer (appellees) against whom the tax warrants were issued. Commission never sought to enforce their liens against appellees' property.

In 1981 appellees commenced a quiet title action against Commission to remove the tax lien upon their real property. Appellees proceeded on the theory that Commission's tax lien judgments had become dormant under 12 O.S.1951, § 735, because it had never sought a writ of execution. The trial court sustained appellees' position and quieted their title. Commission appeals.

Our dormancy statute, 12 O.S.1951, § 735, provided:

"If execution shall not be sued out within five years after the date of any judgment that is now or may hereafter *be rendered in any court of record in this State,* or if five years shall have intervened between the date of the last execution issued on such judgment and the timing of suing out another writ of exe-

---

1. 40 O.S.1951, § 224 was amended in 1980. The amendments will be discussed later. How-

ever, the laws of 1951 are controlling in the case at bar.

cution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: Provided that this section shall not apply to judgments against municipalities." (Emphasis added).

Commission argues that the emphasized part of the above statute clearly shows that it is applicable only to "judgments rendered in a court of record" and has no application to tax warrants which become a lien against a delinquent employer's property. Commission also argues that the following language in § 224(h)—"such lien shall be paramount and superior to all other liens of whatsoever kind or character, attaching to any kind of said property subsequent to the date of such entry upon such judgment docket"—clearly shows that its lien remains viable until satisfied, with or without compliance with § 735, supra.

Commission says that its tax warrant is a form of execution similar to the writ of execution authorized for enforcing judgments rendered in a court of record. On the other hand, so says the Commission, a tax warrant is itself an execution document and not subject to § 735.

It is clear from a reading of § 224 that a lien established through the tax warrant procedure is treated the same as a judgment rendered in a court of record and is subject to the dormancy statute, § 735, supra.

In *Banfield v. State,* Okl., 525 P.2d 638 (1974) an action was brought to quiet title to lands against which the state asserted liens as a result of final judgments on appearance bond forfeitures. We affirmed the judgment of the trial court holding that the dormancy statute was applicable against state judgments although the state could bring an independent action to recover judgment due on a prior judgment which had become dormant.

*Banfield* also upholds the constitutionality of § 735 in its application to state judgments and supports appellees' position. In *Banfield* we said:

"We conclude § 735, supra, does not conflict with Art. V, § 53, supra. The statute does not extinguish or release an obligation of the state. It merely extinguishes the lien created by the judgment."

Although not applicable to the case at bar, we notice that in amending and recodifying 40 O.S.1951, § 211 through § 238.1, both inclusive—(See 1980 Session Laws, Ch. 323)—that 40 O.S.Supp.1980, § 3–501 provides that a tax warrant lien "shall be permanent and continuing without any requirement for executions under 12 O.S.1971, § 735 or any other similar statute. This lien of the State of Oklahoma shall continue until the amount of the tax, contribution, penalty and interest is paid."

JUDGMENT AFFIRMED.

LAVENDER, DOOLIN, HARGRAVE, OPALA, and WILSON, JJ., concur.

SIMMS, V.C.J., and HODGES, J., dissent.