AMERICAN GUARANTY INVESTMENT
CORPORATION, Petitioner,

v.

The Honorable Deborah SHALLCROSS,
Special Judge, Tulsa County, State of
Oklahoma, Respondent.

(Oklahoma Employment Security Com-
mission, Real Party In Interest).

No. 67186.

Supreme Court of Oklahoma.

Nov. 18, 1986.

David L. Weatherford, Messrs. Unger-
man, Conner & Little, Tulsa, for petitioner.

James D. Stevens, Asst. Gen. Counsel,
Oklahoma City, for Oklahoma Employment
Sec. Comn.

OPALA, Justice.

The question before us in this original action is whether proceedings to inquire into a judgment debtor's assets under the authority of 12 O.S.1981 § 842[1] may be predicated upon a tax warrant issued by the Oklahoma Employment Security Commission [Commission] pursuant to the provisions of 40 O.S.1981 § 3–501.[2] We assume original cognizance to answer this question in the affirmative by denying the taxpayer's petition for a writ of prohibition.

The underlying dispute had its genesis in the Commission's issuance of a tax warrant pursuant to the authority conferred on it by the terms of 40 O.S.1981 § 3–501. The warrant reflects American Guaranty Investment Corporation's [AGIC] tax delinquency in the amount of $1,369.68. The

1. The pertinent provisions of 12 O.S.1981 § 842 are:

"*At any time after judgment, on application of the judgment creditor,* a judge of the court in which the judgment was rendered, shall order the judgment debtor to appear before the judge, or a referee appointed by the judge, at a time and place specified in such order, to answer concerning his property. * * *" [Emphasis supplied.)

2. The terms of 40 O.S.1981 § 3–501 provide: "If any contribution imposed by the provisions of this act, or any portion of said contribution, be not paid before the same becomes delinquent, the Commission may immediately issue a warrant under its official seal, *directed to the sheriff of any county of the state, commanding him to levy upon and sell any real or personal property of any deliquent employer found within his county for the payment of the delinquent contribution,* interest and penalty, and the cost of executing the warrant, and to return such warrant to the Commission, and to pay it any monies collected by virtue thereof, by a time to be therein specified, not more than sixty (60) days from the date of the warrant." [Emphasis supplied.]

Commission then sought to compel AGIC to appear and to answer as to its assets. AGIC attempted to quash the process served upon it on the grounds that the tax warrant did not have the same force as a judgment and the Commission hence lacked power to secure a taxpayer's disclosure of assets. The trial court ruled in favor of the Commission by refusing to quash the order. AGIC now proceeds to invoke this court's original jurisdiction for extraordinary relief from the trial court's ruling requiring its appearance at the hearing on assets.

The *explicit* provisions of 40 O.S.1981 §§ 3–502 and 3–504,[3] when construed together with the *plain* terms of 40 O.S. Supp.1982 § 3–503,[4] provide a convincing textual demonstration of the legislative intent to make the § 3–501 warrants legally sufficient for issuance of an execution against the taxpayer-debtor *in the very same manner as though* they were judgments rendered by a court of record. It suffices to say that these warrants, when filed in the office of the county clerk, stand statutorily established as a lien on the debtor's property and are *unaffected* by the dormancy provisions *applicable to other judgments* by force of 12 O.S.1981 § 735.[5]

We hence hold that, within the meaning of 12 O.S.1981 § 842, [1] the § 3–501 warrants possess *all the necessary attributes of, and must hence be recognized as, the functional equivalent of a judgment* rendered by a court of record, [2] delinquent taxpayers named in these warrants stand—vis-a-vis the Commission—in the same status as judgment debtors and [3] although *Wheeler v. State*[6]—which holds that a Commission tax warrant is to be treated "the same as a judgment"—is grounded in part on statutory material no longer in force, its continued vitality remains unimpaired by the text of the currently effective enactments that regulate the legal effect of the § 3–501 warrants.[7]

ORIGINAL JURISDICTION ASSUMED; WRIT DENIED.

DOOLIN, V.C.J., and LAVENDER, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and HODGES, HARGRAVE and ALMA WILSON, JJ., dissent.

3. The provisions of 40 O.S.1981 § 3–502 are: "The Commission may also file a copy of such warrant with the county clerk of the county or counties in which the employer has property and thereupon the county clerk shall index such warrant in the same manner as judgments using the name of the delinquent employer named in the warrant, a short name for the contribution, or tax imposed, and the amount of the contributions, interest and penalty for which said warrant was issued, and the date upon which said copy was filed, *and shall index such warrant against the real property described therein*, if any is described." [Emphasis supplied.]
The pertinent provisions of 40 O.S.1981 § 3–504 are: "Upon receiving such warrant the sheriff shall proceed to execute said warrant in *all respects with like effect and in the same manner prescribed by law in respect to executions against property upon judgment of the court of record;* ..." [Emphasis supplied.]

4. The pertinent provisions of 40 O.S.Supp.1982 § 3–503 are: "The filing of said warrant in the office of the county clerk of said county shall constitute and be evidence and notice of the state's lien upon the title to any interest *in any real or personal property* of the delinquent employer against whom such warrant is issued. * * * This lien on personal property shall be permanent and continuing without any requirement for executions under Section 735 of Title 12 of the Oklahoma Statutes or any other similar statute. This lien on personal property of the State of Oklahoma shall continue until the amount of the tax, contribution, penalty and interest is paid. *This lien shall continue on real property until released by payment or for a maximum of ten (10) years after the date of its filing.*" [Emphasis supplied.]

5. See the text of § 3–503, *supra* note 4.

6. Okl., 665 P.2d 814, 815 [1983].

7. The repeal of 40 O.S.1971 § 224 (Okl.Sess.L. 1980, Ch. 323, § 9–102) left intact and in force a cluster of statutes—§§ 3–501, 3–502, 3–503 and 3–504—which, for lien perfection and collection purposes, establish the Commission's tax warrant as equal in status to a judgment.